UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSTISLAV DOTSENKO,<br>Plaintiff,<br>v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>Defendant. | Case No. 4:26-cv-01571-KAW<br>**ORDER GRANTING MOTION TO DISMISS; ORDER CONTINUING CASE MANAGEMENT CONFERENCE; ORDER STRIKING SECOND AMENDED COMPLAINT**<br>Re: Dkt. Nos. 11, 24 |

On May 11, 2026, Defendant City and County of San Francisco filed a motion to dismiss. (Def.'s Mot., Dkt. No. 11.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS the motion to dismiss for the reasons set forth below.

## I. BACKGROUND

On February 23, 2026, Plaintiff filed the original complaint against the City and County of San Francisco and two individual defendants. (*See* Dkt. No. 1.) On March 23, 2026, Plaintiff filed his first amended complaint against only the City and County of San Francisco. (First Am. Compl., "FAC," Dkt. No. 10.) Therein, Plaintiff alleges two Fourteenth Amendment violations, due process and equal protection respectively, pursuant to 42 U.S.C. § 1983. These claims arise from Plaintiff's appearance in Superior Court of San Francisco on a traffic related matter. (FAC § IV, ¶ 1.) Plaintiff is a native Russian speaker with limited English proficiency, but he was not provided a qualified interpreter. (FAC § IV, ¶ 2.) As a result, he was unable to fully understand the proceedings or effectively participate in his defense. (FAC § IV, ¶ 3.)

Plaintiff further alleges that the court erroneously admitted an expert report into evidence

United States District Court
Northern District of California

United States District Court
Northern District of California

that lacked proper authentication and foundation, which significantly affected the outcome of the case. (FAC § IV, ¶¶ 4-5.) Plaintiff did not receive "a properly signed and final decision, creating uncertainty regarding the legal status of the case and limiting the ability to seek proper review." (FAC § IV, ¶ 6.) Plaintiff paid a monetary penalty as a result of the proceedings. (FAC § IV, ¶ 7.)

On May 11, 2026, Defendant filed a motion to dismiss. (Def.'s Mot., Dkt. No. 11.) On June 15, 2026, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 19[1].) On July 2, 2026, Defendant filed a reply. (Def.'s Reply, Dkt. No. 21.)

On July 17, 2026, Plaintiff filed a second amended complaint (Dkt. No. 24) while the instant motion to dismiss was pending, and he did so without leave of court. Thus, the Court STRIKES the second amended complaint *sua sponte.*

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more

[1] Plaintiff filed an initial opposition on June 3, 2026, but the Court gave him an extension prior to receiving the opposition by U.S. Mail. (*See* Dkt. No. 18.) Thus, the Court will consider the later-filed opposition in lieu of the earlier-filed one.

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

## III. DISCUSSION

### A. Plaintiff does not state a claim against the City and County of San Francisco.[2]

As an initial matter, Defendant argues it is not the proper Defendant, because the State of California, rather than the City, oversees the judges of the Superior Court of San Francisco.[3] (Def.'s Mot. at 4.) Plaintiff does not address this argument in his opposition.

The City and County of San Francisco is an improper defendant, and all claims against it will be dismissed with prejudice.

### B. Plaintiff's allegations are insufficient and run afoul of Rule 8.

Next, even if the City were a proper defendant, the first amended complaint fails to satisfy federal pleading standards pursuant to Federal Rule of Civil Procedure 8. (Def.'s Mot. at 4.) Rule

---

[2] The Court need not address the City's *Monell* arguments, because it is not a proper party to this case. (*See* Def.'s Mot. at 4-5.)

[3] This is not reasonably subject to dispute and is generally known within the Northern District of California, so the Court will take judicial notice of this fact pursuant to Federal Rule of Evidence 201(b)(1). (*See* Def.'s Mot. at 4 n. 1 (requesting judicial notice of this fact).)

8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).

Here, the operative complaint does not plainly and succinctly identify the facts giving rise to each constitutional violation and the facts that support the elements of each claim. For example, Plaintiff does not provide the date of his traffic hearing, any facts suggesting that he requested an interpreter, or specify how the lack of an interpreter impacted his ability to participate in his case. Rather, he merely alleges that he was not provided with a "qualified interpreter." (FAC § IV, ¶ 2.) In opposition, however, Plaintiff contends that the interpreter arrived after the proceeding had begun, and, as a result, "critical information regarding Plaintiff's legal rights was never translated into Russian." (Pl.'s Opp'n at 1.) As result, Plaintiff claims that he was not able to fully understand or effectively participate in his own defense. *Id.* at 2. If Plaintiff alleged that he both requested an interpreter and that the facts pertaining to them being late to the hearing, and what happened as a result, that would likely constitute sufficient facts regarding the Superior Court's purported wrongdoing to provide fair notice of the claims alleged against them and the grounds upon which those claims rest.

Accordingly, as currently pled, the first amended complaint is insufficient and must be amended to comply with the *Iqbal-Twombly* pleading standard. The second amended complaint should clearly delineate each legal claim and state facts indicating the nature and grounds for each claim. Specifically, each cause of action should clearly state the alleged violation, the statutory authority, the date on which the incident occurred, who was involved, the facts, and how the claim satisfies the elements rendering it a viable cause of action. Additionally, the second amended complaint must also comply with Rule 10(b) of the Federal Rules of Civil Procedure, such that every paragraph must be separately and sequentially numbered.

### C. Some of Plaintiff's allegations are barred by the *Rooker-Feldman* Doctrine.

Third, Defendant argues that that the *Rooker-Feldman*[4] doctrine bars Plaintiff's

[4] The *Rooker-Feldman* doctrine derives its name from two United States Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

constitutional claims, because it is a de facto appeal of the state court judgment because he seeks relief from state court rulings. (Def.'s Mot. at 6.) In opposition, Plaintiff contends that he is not seeking appellate review. (Pl.'s Opp'n at 2.) Rather, Plaintiff is alleging constitutional injuries arising from not having an interpreter for the entirety of his traffic court proceeding. *See id.*

The *Rooker-Feldman* doctrine deprives the federal courts of subject matter jurisdiction to hear direct appeals from the judgments of state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). The purpose of the doctrine is to "protect state judgments from collateral federal attack." *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

The *Rooker-Feldman* doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal," but also "the de facto equivalent of such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). To determine whether an action functions as a de facto appeal, we "pay close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation marks and citation omitted). An action functions as a forbidden de facto appeal when the plaintiff is: "[1] assert[ing] as his injury legal errors by the state court and [2] see[king] as his remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163).

Here, Plaintiff's allegations fall into two categories: (1) that the court erroneously admitted an expert report into evidence that adversely affected the outcome of the case, and (2) that he was not provided with a qualified interpreter despite having limited English proficiency. (FAC § IV, ¶¶ 2-5.) To determine whether the *Rooker-Feldman* doctrines applies, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900-901 (9th Cir. 2003) (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)). If the injury resulted from the state court judgment itself, *Rooker-Feldman* deprives the district court of jurisdiction. *Bianchi,* 334 F. 3d at 901. On the other hand, "[i]f the injury alleged is distinct from [the state court's] judgment, i.e., the party maintains an injury apart from the loss in state court and not 'inextricably intertwined' with the state judgment," *Rooker-Feldman* does not apply. *Bianchi,*

334 F. 3d at 901 (quoting *Garry,* 82 F.3d at 1365). The Ninth Circuit recently clarified that the *Rooker-Feldman* doctrine only applies when (1) the federal plaintiff asserts legal error by the state court as her injury, and (2) seeks relief from the state court judgment as their remedy. *Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1151 (9th Cir. 2025).

First, any alleged injuries resulting from an erroneous decision by the state court is a de facto appeal, and is, therefore, barred by the *Rooker-Feldman* doctrine. Thus, Plaintiff's allegation that the judge erroneously admitted an expert report is barred by *Rooker-Feldman*. Additionally, to the extent that Plaintiff's prayer for relief requests reimbursement of the fines paid in connection with this traffic matter, those damages are not available, because he needed to appeal the imposition of any fines in state court.

Second, Plaintiff's constitutional claim that he was denied interpretive services, however, may not constitute a de facto appeal, because, at first blush, that injury does not appear to be "inextricably intertwined" with the state court judgment, as he does not appear to be seeking relief or reversal of the judgment itself due to this constitutional injury. *See Bianchi,* 334 F. 3d at 901.

Accordingly, the *Rooker-Feldman* doctrine divests the district court of subject matter jurisdiction over any claims related to the allegedly erroneous entry of evidence and the outcome of the case itself, including any fines paid. It does not necessarily divest the Court of jurisdiction over the alleged constitutional violations pertaining to the lack of interpreter services so long as Plaintiff is not seeking relief or reversal of the state court judgment in connection with his remaining claim.

**D. Judicial Immunity**

Even if the part of the lawsuit was not barred by the *Rooker-Feldman* doctrine, Defendant contends that a state judge is absolutely immune from suit for damages for acts performed in their judicial capacity. (Def.'s Mot. at 6.) Since Defendant is not the proper party to this case, the Court declines to address these arguments on the merits.

**E. Leave to Amend is Granted to Add Proper Defendant**

Finally, the Court grants Plaintiff leave to amend under Federal Rule of Civil Procedure 15(a)(1)(B) to name the proper defendant: the Superior Court for the County of San Francisco. *See*

*Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997), *overruled on other grounds by Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) ("Under Rule 15(a), leave to amend should be granted freely until the defendant files a responsive pleading.").

Accordingly, Plaintiff shall ensure that his second amended complaint complies with Rules 8 and 10, and that he omits the allegations that are barred by the *Rooker-Feldman* doctrine. Plaintiff is also reminded of his obligation to provide a proposed summons, so that summons can be issued before Plaintiff serves the Superior Court with the summons and second amended complaint.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED, and all claims against the City and County of San Francisco are dismissed with prejudice.

Additionally, the first amended complaint is dismissed with leave to amend, so that Plaintiff may plead additional facts in support of his claims and name the Superior Court for the County of San Francisco as the proper defendant.

Plaintiff may file the second amended complaint within 35 days of this order. Plaintiff should be aware that an amended complaint will supersede or replace the earlier complaint and the earlier complaint will thereafter be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). The second amended complaint must therefore be complete in itself without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

In amending his complaint, Plaintiff is encouraged to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *https://cand.uscourts.gov/pro-se-litigants/*.

Finally, the case management conference set for August 25, 2026 is continued to

United States District Court
Northern District of California

December 15, 2026 at 1:30 via videoconference. The joint case management statement is due on or before December 8, 2026.

IT IS SO ORDERED.

Dated: August 14, 2026

KANDIS A. WESTMORE
United States Magistrate Judge